## Juvenile Violators of Game Laws

ADAMS, Deputy Attorney General, February 7, 1940.— We have your letter of December 8th, referring to the Act of June 15, 1939, P. L. 394, and the Act of June 15, 1939, P. L. 397, defining the age of a juvenile person to be less than 18 years, and asking to be advised whether or

not representatives of the Game Commission may legally accept penalties from juvenile persons under the provisions of section 1203 of The Game Law of June 3, 1937, P. L. 1225.

The Act of June 15, 1939, P. L. 394, amends The Juvenile Court Law of June 2, 1933, P. L. 1433, and defines the word "child" as meaning a minor under the age of 18 years, rather than 16 years. The Juvenile Court Law, supra, contains the following paragraphs in its preamble:

"Whereas, The welfare of the Commonwealth demands that children should be guarded from association and contact with crime and criminals, and the ordinary process of the criminal law does not provide for such care, guidance and control as are essential to children in the formative period of life; and

"Whereas, Experience has shown that children, lacking proper parental care or guardianship, are led into courses of life which may render them liable to the penalties of the criminal law, and that the real interests of such children require that they be not incarcerated in jails and penitentiaries, as members of the criminal class, but be subjected to wise care, guidance and control so that evil tendencies may be checked and better instincts be strengthened; and

"Whereas, To these ends, it is important that the powers of the courts, with respect to the care, guidance and control over delinquent, neglected and dependent children should be clearly distinguished from those exercised in the ordinary administration of the criminal law . . .".

Section 4 of the same act, as amended by the Act of June 15, 1939, P. L. 394, 11 PS §246, provides as follows:

"Section 4. Initiation of Proceedings.—The powers of the court may be exercised—

"1. Upon the petition of any citizen, resident of the county, setting forth that (a) a child, giving his or her name, age, and residence, is neglected, dependent or delinquent, and is in need of care, guidance and control, (b) the names and residence of the parents, if any, or of his

or her legal guardian if there be one, (c) the name and residence of the person or persons having control of the child, and (d) the name and residence of the nearest relative if no parent or guardian can be found.

"2. Upon commitment, by a magistrate, alderman or justice of the peace, of a child arrested for any indictable offense, other than murder, or for the violation of any other laws of this Commonwealth or the ordinance of any city, borough or township.

"3. There shall be no preliminary hearings in any cases affecting dependent, delinquent or neglected children under the age of eighteen years."

The Game Law of June 3, 1937, P. L. 1225, 34 PS §1311.1203, provides in part as follows:

"Section 1203. Acknowledgment of Guilt.—Any person charged with violating any provisions of this act may sign an acknowledgment of the offense committed, either before or after the beginning of suit, and pay to any duly appointed and commissioned game protector, or deputy game protector, the fine provided by this act, together with costs accruing to that date, and surrender to the Commonwealth any bird or animal, or part thereof, or any article, implement, device or equipment the use of which is expressly forbidden by this act, unlawfully taken or possessed. Such person shall receive a printed receipt therefor, which shall bear the imprint of the seal of the commission and the signature of its executive director, which shall be evidence of full satisfaction of the offense committed."

Inasmuch as it was the intention of The Juvenile Court Law of 1933, supra, to prevent juveniles accused of criminal law violations from associating with criminals, the acceptance of the fines provided by The Game Law upon acknowledgment of guilt, without a hearing of any kind and without going before a magistrate, alderman, or justice of the peace, would be a desirable accomplishment of The Juvenile Court Law.

The Act of June 15, 1939, P. L. 397, amends in part the Juvenile Court Law of Allegheny County of June 3, 1933, P. L. 1449, 11 PS §269, and defines the word "child" to mean a person less than 18 years of age, rather than 16 years. Section 2 of this act, as amended, reads as follows:

"Section 202. Jurisdiction.—The court hereby created shall have jurisdiction—

"(a) In all proceedings affecting delinquent, neglected and dependent children.

"(b) Of all cases wherein an adult is charged with contributing to, or encouraging, or tending to cause, by any act of omission or commission, the delinquency, neglect or dependency of any child, or charged with any act of omission or commission with respect to any child, which act of omission or commission is a violation of any law of this Commonwealth or ordinance of any city, borough or township.

"(c) In all proceedings relating to the appointment of guardians of the wards of the juvenile court.

"(d) In all proceedings for the support of a ward of the juvenile court.

"(e) In all summary proceedings and suits for a penalty wherein the defendant is a child under sixteen years of age.

"(f) To inquire, under oath or affirmation, of all crimes, misdemeanors and offenses whatsoever against the laws of this Commonwealth, which shall be triable in the county, wherein the person charged is a child under eighteen years of age.

"(g) To take, in the name of the Commonwealth, all manner of recognizances and obligations heretofore taken and allowed to be taken by any justice of the peace or the courts of quarter sessions in all cases where the person charged with crime, misdemeanor or offense is under the age of eighteen years, and the court shall certify such as shall be taken in relation to any crime not triable in said court to the next court of quarter sessions or of

oyer and terminer having power to take cognizance thereof.

"(*h*) To continue or discharge the recognizances and obligations taken as aforesaid, or certified into said court by any justice of the peace of said county, and to inquire of, hear and determine all complaints which shall be found thereon.

"The said court shall also have and exercise such other jurisdiction and powers, not herein enumerated, as may have been heretofore or may be hereafter given to the courts of quarter sessions of the peace, sitting as a juvenile court, or of any judge of said court, sitting as a juvenile court judge, within the several counties of this Commonwealth, or the County Court of Allegheny County, sitting as a juvenile court, in proceedings affecting the treatment and control of dependent, neglected, incorrigible and delinquent children under the age of eighteen years, and all laws relating to such jurisdiction and powers of the courts of quarter sessions, sitting as juvenile courts, or the County Court of Allegheny County, sitting as a juvenile court, are hereby made applicable to said juvenile court."

While this act contains no preamble, it follows The Juvenile Court Law of June 2, 1933, and because of the similarity of its provisions with that act, we are led to believe that it was intended to accomplish the same ends as the Act of 1933, and we therefore feel that it was the intention of both acts, together with their amendments, to prevent the association of minors, accused of crime, with criminals, and their incarceration in jails. It is also of importance to note that both acts set forth very definitely when the powers of the court may be exercised or when the court shall have jurisdiction, but neither act covers the situation under discussion.

As the acceptance of a plea of guilty would, in no sense, subject a juvenile to the association and surroundings intended to be avoided, we are of the opinion and you are accordingly advised, that, upon acknowledgment

of guilt by any juvenile and the tender of the fine imposed by The Game Law to any commissioner, game protector, or his deputy, such fine and costs may be legally accepted before the institution of any action.